**Fernando MALTA–ESPINOZA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–71140.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 15, 2005.

Decided June 30, 2005.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Lory Diana Rosenberg, National Legal Aid and Defender Assoc. Director, Washington, DC, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, William Campbell Erb, Jr., Attorney, Greg D. Mack, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, CANBY, Circuit Judge, and DUFFY,* District Judge.

## MEMORANDUM **

Fernando Malta–Espinoza ("Malta") petitions for review of a Board of Immigration Appeals Order that affirmed an Immigration Judge's ("IJ") determination that Malta was removable under 8 U.S.C. § 1227(a)(2)(A)(iii). This statute provides for the deportation of aliens who are convicted of an "aggravated felony" which includes a "crime of violence" as set forth in 18 U.S.C. § 16. 8 U.S.C. § 1101(a)(43)(F). Malta pleaded guilty to, *inter alia*, stalking while already subject to a prior restraining order, in violation of section 646.9(b) of the California Penal Code.

The issue before us is whether Malta's offense is a crime of violence,[1] a question that we review *de novo*. *See Reyes–Alcaraz v. Ashcroft*, 363 F.3d 937, 939 (9th Cir.2004). This entails a two-step inquiry. First, we employ the "categorical approach" where we compare the elements of the statute of conviction to the generic definition of a crime of violence set forth in 18 U.S.C. § 16. *Chang v. I.N.S.*, 307 F.3d 1185, 1189 (9th Cir.2002). Under this

---

* The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Both parties agree that stalking is not a crime of violence under 18 U.S.C. § 16(a); the only issue is whether it is a crime of violence under Section 16(b).

prong of the analysis, as both parties agree, stalking, as defined in Cal.Penal Code § 646.9, is not, categorically, a crime of violence.

Accordingly, we apply the "modified categorical approach" which involves "a limited examination of documents in the record of conviction to determine if there is sufficient evidence to conclude that a defendant was convicted of [a crime of violence as defined in 18 U.S.C. § 16] even though his or her statute of conviction was facially overinclusive." *Id.* Applying this approach, it is clear that Malta was convicted of a crime of violence. The Amended Felony Complaint to which Malta pleaded guilty did not simply quote the language of Cal.Penal Code § 646.9, but rather alleged that Malta repeatedly *both* followed *and* harassed his victim while under a prior restraining order prohibiting such behavior. Thus, under the modified categorical approach, Malta was convicted of a crime of violence, and therefore an aggravated felony. Accordingly, he is removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii).

**PETITION DENIED.**